UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



JIMMY HENDRIX,
individually and on behalf
of all similarly situated
individuals,

        Plaintiffs,

v.                                    Civil Action No: 2:16cv394

MOBILELINK VIRGINIA, LLC, and
MOBILELINK USA,

        Defendants.

### MEMORANDUM ORDER

The parties have submitted a joint motion for settlement approval, ECF No. 16, with an Agreed Order for Settlement, ECF No. 16-1, seeking dismissal with prejudice of this action filed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. For the reasons stated below, the Court **DENIES** without prejudice the motion for settlement approval.

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) permits the parties to stipulate to dismissal "[s]ubject to . . . any applicable federal statute." Courts have held that the FLSA requires court approval of the terms under which the parties may dismiss an FLSA claim with prejudice. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir.1982); Baker v. Dolgencorp, Inc., 818 F. Supp. 2d 940, 941 (E.D. Va. 2011) ("[I]t is well established that

1

the settlement of an employee's FLSA action must be approved by a federal court."). "Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees. FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." Lynn's Food Stores, 679 F.2d at 1352 (internal quotation marks and citations omitted). As a result, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Id. Back wage claims under FLSA may be settled only (1) by a payment of unpaid wages supervised by the Department of Labor, or (2) by a "stipulated judgment" entered by a court. Id. at 1355. If the stipulated judgment proposed by the parties reflects "resolution of a bona fide dispute," id., and is "a reasonable compromise over [the] issues," the court may approve it "in order to promote the policy of encouraging settlement of litigation," id. at 1354.

Thus, a district court must first assess whether "there are FLSA issues that are 'actually in dispute.'" Saman v. LBDP, Inc., No. CIV.A. DKC 12-1083, 2013 WL 2949047, at *3 (D. Md. 2013) (quoting Lane v. Ko-Me, LLC, No. DKC-10-2261, 2011 WL 3880427, at *2 (D. Md. 2011)). Next, the district court must determine whether the settlement is "a reasonable compromise over [the] issues." Lynn's Food Stores, 679 F.2d at 1354. While the Fourth Circuit has not

2

squarely addressed the factors to be considered in determining a "reasonable compromise" in a FLSA settlement, district courts usually consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

Saman, 2013 WL 2949047, at *3 (quoting Lomascolo v. Parsons Brinckerhoff, Inc., No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. 2009)). "Finally, where a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" Id. (quoting Ko-Me, LLC, 2011 WL 3880427, at *3).

In this case, for the following reasons, the Court finds that the parties' submissions do not provide sufficient information to allow the Court to determine whether the proposed settlement would be a reasonable resolution of Plaintiff's FLSA claim, and thus the Court is unable to approve the parties' Settlement Agreement and General Release. ECF No. 18-1.

First, the parties have not provided sufficient information to demonstrate that $3,000 is a reasonable resolution of Plaintiff's

3

FLSA claim.[1] "[Where] the court is unable to compare the amount to which Plaintiff might be entitled, if he were to prevail on the merits, with the amount he would receive under the proposed settlement[,] . . . it cannot know the extent to which Plaintiff's claim of unpaid wages would be compromised by the settlement and, consequently, cannot assess whether any such compromise is reasonable." Kianpour v. Rest. Zone, Inc., No. CIV.A. DKC 11-0802, 2011 WL 5375082, at *4 (D. Md. 2011). As explained above, the Court considers factors such as: the amount of the settlement compared to the potential recovery, the likely expense of a trial, and the probability of Plaintiff's success on the merits. Saman, 2013 WL 2949047, at *3 (quoting Lomascolo, 2009 WL 3094955, at *10). In the absence of such information, the Court is unable to determine whether $3,000 is a reasonable settlement of Plaintiff's FLSA claim.

Next, the Court is unable to determine whether $6,500 is a reasonable attorney's fees award. Here, the parties propose that $6,500 be taken out of Plaintiff's $9,500 recovery (a little over 68%) to pay attorney's fees. See Settlement Agreement ¶ 2, ECF No. 18-1. The FLSA provides that "'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009) (quoting Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir.

---

[1] The parties also do not specify that Plaintiff has agreed to accept only $3,000 out of the $9,500 settlement—the Settlement Agreement merely states that $9,500 is "jointly payable" to Plaintiff and his law firm. See Settlement Agreement ¶ 2, ECF No. 18-1.

4

1946)); 29 U.S.C. § 216(b). "Consequently, allowing a contingent fee that distributes a percentage of the damages award to the attorney, effectively allowing the employee to waive both the statutorily-mandated attorneys' fees and the portion of her wages and liquidated damages allocated to attorneys' fees, would be an impermissible infringement on the statutory award to the employee." Ovalle v. LTTC Enters., No. 8:14-cv-02038-PWG, 2014 U.S. Dist. LEXIS 113990, at *3 (D. Md. 2014). Thus, in order for a court to approve a contingent fee pursuant to a FLSA settlement agreement, the court must find "(1) that the fees were negotiated separately from the damages, so that they do not infringe on the employee's statutory award, and (2) that they are reasonable under the lodestar approach." Id. (emphasis added) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." (quoting Silva, 307 F. App'x at 351)); see Lyle v. Food Lion, Inc., 954 F.2d 984, 988 (4th Cir. 1992) (requiring that a contingent fee awarded in a FLSA case also be reasonable under the lodestar approach). Here, while Plaintiff has submitted documentation of the hours expended on this litigation and the reasonableness of counsel's hourly rates, the parties have not demonstrated that the attorney's fees were negotiated separately from the overall settlement award such that "they do not infringe

5

on the employee's statutory award." Ovalle, 2014 U.S. Dist. LEXIS 113990, at *3.

Finally, the parties have failed to demonstrate that the broad legal release language in the proposed Settlement Agreement and General Release is reasonable.[2] "[A]n overly broad release

---

[2] The Settlement Agreement release language states:
**General Release of All Claims.** Mr. Hendrix knowingly and voluntarily releases and forever discharges the Mobilelink, its parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, officers, attorneys, directors and agents thereof, both individually and in her business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (hereinafter collectively "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Mr. Hendrix [sic] has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:
- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code,
- The Mr. Hendrix [sic] Retirement Income Security Act of 1974 ("ERISA") (as modified below);
- The Immigration Report and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act, 29 U.S.C. Sect. 201 et seq.;
- The Family and Medical Leave Act, 29 U.S.C. Sect. 2601 et seq.;
- The Equal Pay Act;
- The Genetic Information Nondiscrimination Act of 2008;
- All Virginia employment-related laws, statutes and regulations, including, but not limited to, The Virginia Human Rights Act – Va. Code § 2.2-3900 et seq., any regulations thereunder, and any human rights law of any Virginia country or municipality; Virginia Statutory Provisions Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Va. Code § 65.2308(A) and (B); The Virginia Equal Pay Act – Va. Code § 40.1-28.6; The Virginians With Disabilities Act – Va. Code § 51.5-1 et seq.; Virginia AIDS Testing Law – Va. Code §32.1-36.1; Virginia Wages Payment and Hour Laws – Va. Code § 40.1-28.8 et seq.; Virginia Occupational Safety and Health (VOSH) Law – Va. Code § 401-49.3 et seq.; Virginia Code § 8.01-40 regarding unauthorized use of name or picture of any person; Virginia Code § 40.1-27 regarding preventing employment by others of former Mr. Hendrix [sic]; Virginia Code § 40.1-28.7:2 regarding protection of crime victims' employment; and Virginia Code § 18.2-465.1 regarding protection of court witnesses' and jurors' employment;

provision can render an FLSA agreement unreasonable if the release includes claims unrelated to those asserted in the complaint." Saman, 2013 WL 2949047, at *5. When a release provision "does not track the breadth of the allegations in this action and releases unrelated claims, whether known or unknown, that the Plaintiff[] may have against Defendant," the parties must explain how the broad release is "fair and reasonable." McKeen-Chaplin v. Franklin Am. Mortg. Co., No. C 10-5243 SBA, 2012 WL 6629608, at *5 (N.D. Cal. 2012). It is incumbent upon the parties to show whether Plaintiff has been "independently compensated for the broad release of claims unrelated to any dispute regarding FLSA coverage or wages due," such that the settlement is reasonable. Id. As one district court reasoned, "a pervasive release is a 'side deal' in which the employer extracts a gratuitous (although usually valueless) release of all claims in exchange for money unconditionally owed to the employee," concluding that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). Nevertheless, where "a settlement agreement compensates an

---

- any claim for breach of oral or written contract arising under Virginia state and/or federal law;
- any claim of wrongful discharge in violation of public policy, and/or breach of the covenant of good faith and fair dealing;
- any claim under any other federal, state or local law, rule, regulation, or ordinance;
- any claim under any public policy, contract, tort, or common law; or
- any claim on any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in any such claims.

Settlement Agreement ¶ 5(a).

employee both for alleged violations of the FLSA <u>and for other claims</u> that are unrelated to the FLSA or comparable state wage-and-hour statutes, courts have approved broadly worded general release provisions." <u>Saman</u>, 2013 WL 2949047, at *5 (emphasis added).

Here, Plaintiff's complaint only alleges a single count: "Violation of the Fair Labor Standards Act." Compl. 9, ECF No. 1. Accordingly, the proposed settlement agreement appears to only compensate Plaintiff for a single FLSA claim, instead of compensating Plaintiff for a FLSA claim together with unrelated claims. Because "an employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA," <u>Moreno</u>, 729 F. Supp. 2d at 1351, if the parties wish for the Court to approve the release language as proposed, they must show how such a pervasive release is reasonable in this case.

Therefore, for the above reasons, the Court **DENIES** without prejudice the motion for settlement approval. The parties are **DIRECTED** to address these concerns and resubmit the matter within 30 days. The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
---
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 26, 2017